UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

            - v. -                :    INFORMATION

JON E. MONTROLL,                  :    18 CRIM. 520
        a/k/a "Ukyo,"             :

            Defendant.            :

- - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

### Relevant Individuals and Entities

1.   At all times relevant to this Information, WeExchange Australia, Pty. Ltd. ("WeExchange") was an Australian corporate entity operated by JON E. MONTROLL, a/k/a "Ukyo," the defendant. WeExchange functioned as a bitcoin depository and currency exchange service, accessible through the Internet. WeExchange users around the world, including in the United States, could deposit and withdraw bitcoins, U.S. dollars, and Australian dollars.

2.   At all times relevant to this Information, BitFunder.com ("BitFunder") was an online platform operated by JON E. MONTROLL, a/k/a "Ukyo," the defendant, that facilitated the purchase and trading of virtual shares of business entities that listed their virtual shares on the BitFunder platform.

MONTROLL launched BitFunder in or about December 2012, and operated it through the website "www.bitfunder.com."

3. On BitFunder's website, JON E. MONTROLL, a/k/a "Ukyo," the defendant, advertised BitFunder's potential to reward savvy traders:

> Buy low! Sell High! Put your market analysis to the test! Do you have what it takes to make it big? Easily track your bids, and know your position!

4. JON E. MONTROLL, a/k/a "Ukyo," the defendant, also advertised investors' ability to earn investment returns on otherwise dormant bitcoin capital:

> Make your coins work for you! It's easy! All you have to do is buy a dividend paying asset share! Dividend payouts are automatically credited to your account and can be withdrawn at ANY time.

5. The BitFunder platform was interconnected with WeExchange. Users of BitFunder were required to create a WeExchange account to facilitate BitFunder transactions, which occurred exclusively in bitcoins. Moreover, bitcoins representing investments held by BitFunder users in "assets" sponsored by other users of the platform, or returns on such investments, were held in the WeExchange depository account (the "WeExchange Wallet" or "Wallet"). The WeExchange Wallet held all

users' bitcoins in one common account with all other BitFunder and WeExchange users.

### The Defendant Misappropriates User Funds

6. JON E. MONTROLL, a/k/a "Ukyo," the defendant, maintained control over the WeExchange Wallet and had the ability to transfer bitcoins from the Wallet to other accounts and to other bitcoin businesses.

7. Between the launch of BitFunder, in or about December 2012, and at least in or about July 2013, JON E. MONTROLL, a/k/a "Ukyo," the defendant, converted a portion of WeExchange users' bitcoins to his personal use without the users' knowledge or consent. For example, MONTROLL exchanged numerous bitcoins taken from WeExchange into United States dollars, then spent those funds on personal expenses, such as travel and groceries.

### The Defendant Fails to Disclose Theft of Customer Coin While Soliciting Investments

8. Beginning on or about July 18, 2013, JON E. MONTROLL, a/k/a "Ukyo," the defendant, promoted a security referred to as "Ukyo.Loan." As described by MONTROLL in a public post about Ukyo.Loan, Montroll encouraged investors to "think of [Ukyo.Loan] as a sort of round-about investment" in BitFunder and WeExchange and, at the same time, described Ukyo.Loan as "a personal loan" and "for private investment purposes." MONTROLL further promised to pay purchasers of Ukyo.Loan daily interest

on their investment and promised shares could be "redeemed at face value anytime upon request."

9. Between on or about July 28, 2013 and on or about August 27, 2013, one or more individuals (the "Hackers") exploited a weakness in the BitFunder programming code to cause BitFunder to credit the Hackers with profits they did not, in fact, earn (the "Exploit"). As a result, the Hackers were able to steal approximately 6,000 bitcoins from WeExchange, with the majority of those coins being taken between July 28, 2013 and July 31, 2013. Because the WeExchange Wallet did not contain any bitcoins actually earned by the Hackers, the bitcoins the Hackers stole belonged to other users of the BitFunder and WeExchange systems. As a result of the Exploit, BitFunder and WeExchange no longer possessed sufficient bitcoins to cover what JON E. MONTROLL, a/k/a "Ukyo," the defendant, owed to users of BitFunder and WeExchange and investors in Ukyo.Loan.

10. Notwithstanding the scope of the Exploit, JON E. MONTROLL, a/k/a "Ukyo," the defendant, failed to disclose the Exploit to users of BitFunder and WeExchange, or investors in Ukyo.Loan. Instead, MONTROLL continued to promote and sell Ukyo.Loan to customers and, on at least one occasion, falsely represented to customers that BitFunder was commercially successful. As a result of his omissions and misrepresentations, MONTROLL raised approximately 978 bitcoins through Ukyo.Loan

4

after his discovery of the Exploit.

## Statutory Allegation

11. From at least in or about December 2012, up to and including on or about November 16, 2013, in the Southern District of New York and elsewhere, JON E. MONTROLL, a/k/a "Ukyo," the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, (a) MONTROLL, who operated a Bitcoin wallet named WeExchange, misappropriated customer funds in the WeExchange wallet by spending customer funds on personal expenses without permission or authority; and (b) MONTROLL solicited and received investments in BitFunder, a trading and investment platform, through the issuance of tradeable securities known as

"Ukyo.Loan," in part, by falsely claiming that BitFunder was commercially successful and, in part, by failing to disclose the fact that a substantial portion of BitFunder's customers' Bitcoins had been unlawfully taken by others.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5,
and Title 18, United States Code, Section 2.)

## COUNT TWO
### (Obstruction of Justice)

The United States Attorney further charges:

12. The allegations set forth in Paragraphs 1 through 10 are realleged and incorporated by reference as if fully set forth herein.

13. By at least in or about September 2013, the United States Securities and Exchange Commission (the "SEC"), through personnel in its New York Regional Office, had initiated an investigation relating to among other things, the use of BitFunder as an unregistered securities exchange, the Exploit, and the solicitation of investments in "Ukyo.loan."

14. During the course of the investigation, JON E. MONTROLL, a/k/a "Ukyo," the defendant, provided the SEC with a falsified document, namely a screenshot purportedly documenting, among other things, the total number of bitcoins available to BitFunder users in the WeExchange Wallet as of October 13, 2013. Additionally, during sworn investigative testimony on both

November 14, 2013 and October 6, 2015, MONTROLL provided materially false and misleading answers to certain questions about, among other things, the timing of MONTROLL's discovery of the Exploit.

Statutory Allegation

15. Between in or about November 2013 and in or about October 2015, in the Southern District of New York and elsewhere, JON E. MONTROLL, a/k/a "Ukyo," the defendant, knowingly and corruptly obstructed, influenced, and impeded an official proceeding, to wit, an SEC investigation into MONTROLL's BitFunder activities, and attempted to do so, by, among other things, (a) providing false sworn testimony to the SEC regarding substantial losses to users of MONTROLL's bitcoin investment and currency exchange services, as well as the timing of his discovery of these losses, and (b) producing a false record to the SEC to support his misrepresentations about the bitcoin balance available to customers.

(Title 18, United States Code, Section 1512(c).)

**FORFEITURE ALLEGATION**

16. As a result of committing the offense alleged in Count One of this Information, JON E. MONTROLL, a/k/a "Ukyo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and

personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Geoffrey Berman*
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JON E. MONTROLL,
a/k/a "Ukyo,"

Defendant.

## INFORMATION

18 Cr.

(15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R.
240.10b-5; 18 U.S.C. §§ 1512(c) & 2.)

GEOFFREY S. BERMAN
United States Attorney.

---

7/03/18 DEFT MONTROLL PRES - W/ATTY DAN LEVY.
AUSA ANDREW THOMAS. COURT REPORTER PRES.
DEFT WAIVES INDICTMENT AND PLEADS GUILTY TO
CTS 1 + 2. JUDGE COTT RECOMMENDS THAT
JUDGE BERMAN ACCEPT THE PLEA. PSR ORDERED.

COTT, USMJ